UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6274-CR-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

21 USC § 952(a)
21 USC § 963
46 USC App. § 1903(a)
46 USC App. § 1903(g)
46 USC App. § 1903(j)
21 USC § 853
46 USC App. § 1904

UNITED STATES OF AMERICA )
)
v. )
)
IVAN DE LA VEGA CABAS, )
a/k/a "Francisco." )
_____ )

FILED by _____
00 SEP 20 AM 3:23
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## INFORMATION

The Chief of the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice, charges that:

### COUNT I

Beginning on or about March 1, 1998, and continuing thereafter until in or about November, 1998, the exact dates being unknown, at Fort Lauderdale, Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**IVAN DE LA VEGA CABAS,**
a/k/a "Francisco,"

did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown, to import into the United States from any place outside thereof, a Schedule II controlled substance, that is, 5 kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii).

## COUNT II

Beginning on or about May 1, 1999 and continuing thereafter until on or about May 27, 1999, the exact dates being unknown, the defendant,

**IVAN DE LA VEGA CABAS,**
**a/k/a "Francisco,"**

did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown, to possess with intent to distribute a Schedule II controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine that was on board the M/V CHINA BREEZE, a vessel subject to the jurisdiction of the United States, with Fort Lauderdale, Broward County, in the Southern District of Florida being the defendant's point of initial entry into the United States, in violation of Title 46, United States Code Appendix, Section 1903(a); all in violation of Title 46, United States Code Appendix, Sections 1903(g) and 1903(j); and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## COUNT III

Beginning in or about November, 1999 and continuing thereafter until on or about August 17, 2000, the exact dates being unknown, the defendant,

**IVAN DE LA VEGA CABAS,**
**a/k/a "Francisco,"**

did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown, to possess with intent to distribute a Schedule II controlled substance, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine that

2

members of the conspiracy attempted to load or have loaded on board the M/V SUERTE I, a vessel subject to the jurisdiction of the United States, with Fort Lauderdale, Broward County, in the Southern District of Florida being the defendant's point of initial entry into the United States, in violation of Title 46, United States Code Appendix, Section 1903(a); all in violation of Title 46, United States Code Appendix, Sections 1903(g) and 1903(j); and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## FORFEITURE - 21 USC §853 and 46 USC App. §1904

Upon conviction of the criminal violations alleged in Counts I through III of this Information, said offenses being punishable by imprisonment for more than one year, the defendant,

**IVAN DE LA VEGA CABAS,**
a/k/a "Francisco,"

(A)   with respect to Count I, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all respective right, title or interest which said defendant may have in:

(1)   any and all money and/or property constituting, or derived from, any proceeds which said defendant obtained, directly or indirectly, as the result of the violation alleged in Count I of this Information; and

(2)   any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation alleged in Count I of this Information,

3

together with all interest and proceeds traceable thereto, in that said property constitutes or was derived from proceeds said defendant obtained as a result of the violation charged in Count I of the Information, and is property which was used or intended to be used to facilitate said violations, including but not limited to the following:

- (a) a certificate of deposit in the amount of approximately $12,000 at Banco Anglo Colombia, located in Cali, Colombia;
- (b) a certificate of deposit in the amount of approximately $12,000 at Las Villas Savings Corporation, located in Cali, Colombia; and
- (c) any possessory interest in the cargo of asphalt that was seized on board the M/V Privilege.

(B) with respect to Counts II and III, shall forfeit to the United States, pursuant to Title 46, United States Code, Section 1904, any and all respective right, title or interest which said defendant may have in any property described in Title 21, United States Code, Section 881(a) that is used or intended for use to commit, or to facilitate the commission of, the knowing or intentional manufacture, distribution, or possession with intent to manufacture or distribute, a controlled substance, including but not limited to the following:

(1) The motor vessel SUERTE I, formerly known as the M/V AKTIS, having Vessel Identification Number 7603083, net tons 7546, and its tackles, stores, equipment and appurtenances, currently located in the Southern District of Texas.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property.

All pursuant to Title 21, United States Code, Section 853 and Title 46, United States Code Appendix, Section 1904.

JOHN ROTH, CHIEF
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice
1400 New York Avenue, NW; Suite 11100
Washington, DC 20530
(202) 514-0917

_____
ERIC J. SNYDER, TRIAL ATTORNEY
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6274

UNITED STATES OF AMERICA

v.

IVAN DE LA VEGA CABAS

MAGISTRATE JUDGE
VITUNAC

CERTIFICATE OF TRIAL ATTORNEY*
**Superseding Case Information:**

**Court Division**: (Select One)

- X Miami ___ Key West
- X FTL ___ WPB ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:            (Yes or No) Yes
   List language and/or dialect     Spanish

4. This case will take  10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days      ___      Petty     ___
   II   6 to 10 days     10       Minor     ___
   III  11 to 20 days    ___      Misdem.   ___
   IV   21 to 60 days    ___      Felony     X
   V    61 days and over ___

   FILED BY ___ 00 SEP 20 AM 3: 24 CLARENCE M. ADDOX CLERK U.S. DIST. CT. S.D. OF FLA. MIAMI

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) Yes
   If yes:
   Magistrate Case No.   00-3233-O'Sullivan
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of  8-19-00
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  NO

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No    If yes, was it pending in the Central Region? ___ Yes  x  No

8. Did this case originate in the Narcotics Section, Miami?  X  Yes ___ No

ERIC SNYDER
TRIAL ATTORNEY
U.S. Department of Justice
Narcotic and Dangerous Drug Section
Court No. A5500508

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

00-6274

Defendant's Name:    **IVAN DE LA VEGA CABAS**

MAGISTRATE JUDGE
VITUNAC

Count #: I

Conspiracy to Import five(5) kilograms of cocaine into the United States from a place outside thereof

Title 21, U.S.C. § 963

*Max. Penalty: Life Imprisonment

Count #: II

Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of Cocaine that was on board a vessel subject to the jurisdiction of the United States

Title 46, U.S.C. App § 1903(j)

*Max. Penalty: Life Imprisonment

Count #: III   Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of Cocaine that was attempted to be loaded on board a vessel subject to the jurisdiction of the United States

Title 46, U.S.C. App § 1903(j)

*Max. Penalty: Life Imprisonment

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ 00-6274-CR-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

UNITED STATES OF AMERICA
    Plaintiff,

vs.

DOCKET ENTRY # _____
(to be completed by Clerk of Court)

IVAN DE LA VEGA CABAS
    Defendant

---

## SEALED FILING COVER SHEET

Party Filing Matter Under Seal:
  Name: Narcotic and Dangerous Drug Section, Criminal Division
  Address: U. S. Dept. of Justice, 1400 New York Ave., NW, Suite 11100
    Washington, DC   20530
  Telephone:   (202) 514-0917
  Facsimile:   (202) 514-0483
  E-mail:

Counsel for Party Filing Matter Under Seal:
  Name:   Eric Snyder, Trial Attorney
  Address: U. S. Dept. of Justice, 1400 New York Ave., NW, Suite 11100
    Washington, DC   20530
  Telephone:   (202) 616-2039
  Facsimile:   (202) 514-0483
  E-mail:    ERIC.SNYDER@usdoj.gov

Date of Filing: September 20, 2000

Party has filed a separate Motion to Seal, requesting that the matter remain sealed:
  __ Until Conclusion of Trial      __ Until Conclusion of Direct Appeal
  __ Until Case Closing      __ Until the arrest of the first defendant
  _X_ Until further order of the Court      __ Permanently
  __ Other

If permanent sealing is required, specify the authorizing law, court order or court rule:
_____

The moving party requests that when the sealing period expires, the filed matter should be (select one):
  _X_ unsealed and placed in the public portion of the court file
  __ destroyed
  __ returned to the party or counsel for the party, as identified above

### COURT RULING
(to be completed by Clerk based on Court's order)

Ruling on Motion to Seal: ___ Granted ___ Denied ___ Other
Date: _____

Matter May Be Unsealed After:
  __ Conclusion of Trial      __ Conclusion of Direct Appeal
  __ Until the arrest of the first defendant      __ Until further order of the Court
  __ Case Closing      __ Other _____